IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| FRED GUY MONACO, II, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PULASKI COUNTY CIRCUIT COURT )<br>2ND DIVISION, )<br>Respondent. ) | Case No. 4:12-CV-00049 DPM-JTK |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

1

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the March 12, 2012 Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 6) filed by Respondent Pulaski County (Arkansas) Circuit Court, Second Division.[1]  Petitioner's response (Doc. No. 7) was filed on March 23, 2012. Petitioner claims that his right to a speedy trial has been violated, and he requests a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  After reviewing the briefing and evidence, the Court finds that Respondent's Motion to Dismiss should be GRANTED.

## Background

---

[1] Petitioner's original petition named several additional respondents, but these respondents were dropped in the amended petition filed on March 2, 2012. (Doc. No. 3).

Petitioner was convicted of misdemeanor traffic violations by the District Court of the City of Sherwood, Arkansas, on or about October 21, 2009. Petitioner was only assessed fines and no period of incarceration resulted. On November 5, 2009, Petitioner filed civil complaints regarding his conviction with the Sherwood District Court and the Pulaski County Circuit Court. Apparently due to a misunderstanding of the law, Petitioner indicated that he was not appealing his misdemeanor conviction in the November 2009 filings. However, on June 28, 2010, Petitioner requested that his civil action be converted to an appeal of his conviction. On July 14, 2011, the circuit court ruled that Petitioner could convert his civil complaint into a criminal appeal of his 2009 conviction. This meant that Petitioner was entitled to a new trial at the circuit level because any appeal of a district court conviction is tried *de novo* in the circuit court as if no judgment had been entered by the district court. *See* Ark. R. Crim. P. 36(g). On August 3, 2011, Petitioner filed a motion requesting that the November 17, 2011 trial in the circuit court be dismissed due to a violation of his right to a speedy trial. However, the circuit court denied his motion because it found that Petitioner had caused the delay from November 5, 2009, to July 14, 2011.

On November 1, 2011, Petitioner filed a "Petition for Writ of Certiorari, Prohibition, Mandamus, and/or other Supervisory Writs" with the Arkansas Supreme Court. On November 14, 2011, Petitioner filed a motion requesting that the impending trial be delayed until the Arkansas Supreme Court ruled on his Petition. As a result, no trial was held on November 17, 2011. The Arkansas Supreme Court denied his Petition on November 17, 2011. On November 18, 2011, Petitioner caused the hearing scheduled for January 17, 2012, to be cancelled because

he indicated that it conflicted with his schedule. As of this date, no trial has taken place at the circuit court level.

## Discussion

Although Respondent has certainly raised several grounds that warrant dismissal, such as Petitioner's failure to exhaust his remedies, the Court need only address whether Petitioner is currently in custody. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Malenq v. Cook*, 490 U.S. 488, 490 (1989); 28 U.S.C. § 2254.

Although Petitioner concedes that he is not physically imprisoned, he contends that "there are other restraints on [his] liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963). In particular, Petitioner claims that he "must constantly be on guard to appear at the whim of the court" despite the fact that his claims should have been dropped due to speedy trial violations.[2] (Pet.'s Resp. 5, § 26, Doc. No. 7). As an example, Petitioner notes that he was ordered to appear for a hearing on February 23, 2012. *Id.* at § 27. Petitioner has stated that he would be willing to drop his Petition if it were stipulated that he would not be required to make any further appearances in Court. *Id.* at 6, § 32.

Petitioner has only provided one example of being required to appear in Court, and he was given notice seventeen days prior to that hearing. There is no evidence that he has been unreasonably burdened by his obligations, and the circuit court has already cancelled both a

---

[2] The Court would note that Petitioner's premise appears to be based on the assumption that there was in fact a speedy trial violation.

4

hearing and trial at his request. Petitioner essentially requests the Court to find that requiring litigants to appear at hearings, and possibly trials, equates to custody. Such a holding would lead to absurd results, and the Court declines to adopt such reasoning. Accordingly Respondent's Motion to Dismiss is GRANTED because Petitioner is not currently within the custody of Respondent or any other government actors.

    IT IS THEREFORE ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 3) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

    SO ORDERED this 2nd day of April, 2012.

_____
United States Magistrate Judge